IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 22-cv-3575 ) |
| v. | ) ) |
| TONY'S FINER FOODS ENTERPRISES, INC.; TONY'S FINER FOODS NO. 66, INC., TONY'S FINER FOODS NO. 9, INC. D/B/A TONY'S FRESH MARKET; and CHARLENE FIGUEROA, | ) ) ) ) ) ) |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Continental Western Insurance Company ("Continental Western"), by and through its attorneys, Dana A. Rice and Adam P. Joffe of Traub Lieberman Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against Defendants, Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 66, Inc., Tony's Finer Foods No. 9, Inc. d/b/a Tony's Fresh Market (collectively, "Tony's Finer Foods"), and Charlene Figueroa ("Figueroa"), it states as follows:

## THE PARTIES

1.      Continental Western is, and at all relevant times has been, a corporation organized under the laws of Iowa with its principal place of business in Des Moines, Iowa. At all times relevant hereto, Continental Western was an insurer whose policies may be sold in Illinois.

2.      At all relevant times, Tony's Finer Foods Enterprises, Inc. was a corporation organized under the laws of Illinois with its principal place of business in South Barrington, Illinois.

1

3.      At all relevant times, Tony's Finer Foods No. 66, Inc. was a corporation organized under the laws of Illinois with its principal place of business in South Barrington, Illinois.

4.      At all relevant times, Tony's Finer Foods No. 9, Inc. d/b/a Tony's Fresh Market was a corporation organized under the laws of Illinois with its principal place of business in South Barrington, Illinois.

5.      At all relevant times, Charlene Figueroa was a citizen of Illinois.

## JURISDICTION

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the citizenship of the parties is completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, this matter relates to an insurance policy providing in excess of $75,000 in coverage and an underlying putative class action lawsuit seeking in excess of $75,000.

## VENUE

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this litigation occurred in this judicial district.  Specifically, Figueroa allegedly suffered injury at Tony's Finer Foods' business address in this judicial district. The underlying lawsuit giving rise to this coverage action is currently pending in the Circuit Court of Cook County, Illinois.  The subject insurance policy giving rise to this suit covered a risk in this judicial district and was delivered to Tony's Finer Foods' business address in this judicial district. Moreover, at least one of the defendants is a citizen of this judicial district.

## THE UNDERLYING LAWSUIT

8.      On or about December 19, 2018, Figueroa, individually and on behalf of all other persons similarly situated, filed a putative Class Action Complaint against Tony's Finer Foods in

the Circuit Court of Cook County, Illinois, under Case Number 2018 CH 15728. (A true and correct copy of the *Figueroa* Lawsuit is attached hereto as **Exhibit A.)**

9.      The *Figueroa* Lawsuit arises out of Tony's Finer Foods "unlawful collection, use, storage and disclosure of Plaintiff's sensitive biometric data" in violation of the BIPA. (Ex. A.)

10.     The *Figueroa* Lawsuit alleges that Tony's Finer Foods is a grocery retailer that provides and distributes food products in grocery store in the state of Illinois. (Ex. A.)

11.     The *Figueroa* Lawsuit alleges that when Tony's Finer Foods hires an employee, he or she is enrolled in a Kronos employee database using a scan of his or her fingerprint to monitor time worked by hourly employees. (Ex. A.)

12.     The *Figueroa* Lawsuit alleges that while many employers use conventional methods for time tracking (like an identification badge or punch clocks), Tony's Finer Foods requires its employees to have their fingerprints scanned by a biometric timekeeping device.  (Ex. A.)

13.     The *Figueroa* Lawsuit alleges that, unlike identification badges or time cards (which can be changed or replaced if stolen or compromised), fingerprints are unique biometric identifiers associated with each Tony's Finer Foods employee, thereby exposing Tony's Finer Foods employees to serious and irreversible privacy risks. (Ex. A.)

14.     Allegedly recognizing these privacy risks, the Illinois legislature enacted the Illinois Biometric Information Privacy Act ("BIPA") to regulate companies that collect, store, and use Illinois citizens' biometric information. (Ex. A.)

15.     The *Figueroa* Lawsuit further alleges that the BIPA provides a private right of action and allows a prevailing party to recover $1,000 for negligent violations of the BIPA and $5,000 for intentional or reckless violations. (Ex. A.)

3

16.     The *Figueroa* Lawsuit contends that the BIPA is an informed consent statute that achieves its goal by making it unlawful to collect, capture, purchase, receive, or otherwise obtain a person's biometric information unless it first: (1) informs the subject in writing that the biometric identifier or information is being collected, stored, and used; (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information. (Ex. A.)

17.     The *Figueroa* Lawsuit alleges that notwithstanding the clear and unequivocal requirements of the law, Tony's Finer Foods has failed to take note of the law and continues to unlawfully collect, store, disseminate, and use employees' biometric data in violation of the BIPA. (Ex. A.)

18.     The *Figueroa* Lawsuit further alleges that Tony's Finer Foods employees are required to have their fingerprints scanned to enroll them in its Kronos employee database. (Ex. A.)

19.     The *Figueroa* Lawsuit alleges that Tony's Finer Foods then uses a time tracking system supplied by Kronos that requires employees to use their fingerprints as a means of authentication.

20.     The *Figueroa* Lawsuit further alleges that Tony's Finer Foods failed and continues to fail to inform its employees that it "disclose[s] or disclosed employees' fingerprint data to at least one third part: Kronos, and likely others; fail to inform their employees that they disclose employees' fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fail to inform their employees of the purposes and duration for which

they collect their sensitive biometric data; and fail to obtain written releases from employees before collecting their fingerprints." (Ex. A.)

21.     The *Figueroa* Lawsuit further alleges that Tony's Finer Foods failed to provide Tony's Finer Foods employees with a written, publicly available policy identifying their retention schedule and guidelines for permanently destroying employees' fingerprint data when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by the BIPA. (Ex. A.)

22.     The *Figueroa* Lawsuit alleges that Tony's Finer Foods lacks a retention schedule and guidelines for permanently destroying biometric data. (Ex. A.)

23.      The *Figueroa* Lawsuit alleges that Figueroa was hired by Tony's Finer Foods on March 8, 2017 and was an hourly employee until September 17, 2018. (Ex. A.)

24.     The *Figueroa* Lawsuit further alleges that as a condition of her employment, Figueroa was required to scan her fingerprints so that Tony's Finer Foods could use it to authenticate and track her time. (Ex. A.)

25.     The *Figueroa* Lawsuit alleges that Tony's Finer Foods then stored Figueroa's fingerprint data in its Kronos employee database. (Ex. A.)

26.     Moreover, the *Figueroa* Lawsuit alleges that Figueroa was required to scan her fingerprint every time she clocked in or clocked out of work or for lunch. (Ex. A.)

27.     The *Figueroa* Lawsuit claims that Figueroa was never informed of the specific or limited purpose or length of time for which Tony's Finer Foods collected, stored, used, and/or disseminated her biometric data. (Ex. A.)

28.     Figueroa also has allegedly not been informed of any retention policy or the duration of time that Tony's would store her biometric data. (Ex. A.)

5

29.     The *Figueroa* Lawsuit alleges that Figueroa never signed a release allowing Tony's to collect, store, use, or disseminate her biometric data. (Ex. A.)

30.     As such, Figueroa has allegedly been exposed to the risks and harmful conditions created by Tony's Finer Foods' violations of the BIPA. (Ex. A.)

31.     The *Figueroa* Lawsuit also alleges that Figueroa has "experienced personal injury in the form of mental anguish. (Ex. A.)

32.      Count I of the *Figueroa* Lawsuit alleges a violation of the BIPA by systematically disclosing putative class members' biometric identifiers and biometric information to at least one third party (Kronos) and without informing the putative class members in writing that their biometric information was being collected, stored, used, and/or disseminated, by failing to inform the putative class members in writing of the specific purpose or length of term for which the information would be stored, and by providing no retention schedule or guidelines for destroying the information. (Ex. A.)

33.     In Count II of the *Figueroa* Lawsuit, the putative class members assert a claim for negligence, arguing that Tony's Finer Foods breached its duty of care by failing to implement a BIPA-compliant biometric authorization system with reasonable data security safeguards, and by failing to provide a publicly available retention schedule and guidelines for permanently destroying the class members' fingerprint data, as well as by systematically disclosing the putative class members' biometric information to Kronos and perhaps others.

## THE CONTINENTAL WESTERN POLICY

34.     Continental Western issued a multi-peril commercial lines insurance policy to Tony's through policy number CPA 3123453-20 for the policy period of March 15, 2016 to March 15, 2017 ("Continental Western Policy"). The Continental Western Policy provides, among other

things, commercial general liability coverage subject to a $1,000,000 limit of liability per occurrence and a general aggregate limit of $2,000,000. (A true and correct copy of the Continental Western Policy is attached hereto as **Exhibit B** and is incorporated herein by reference.)

<u>**COUNT I**</u>

<u>**NO "BODILY INJURY" AS DEFINED IN THE CGL COVERAGE FORM**</u>

35.     Continental Western adopts and realleges the allegations in paragraphs 1 through 34 of its Complaint for Declaratory Judgment as paragraph 35 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

36.     The Continental Western Policy provide, in pertinent part, the following with respect to the CGL coverage provided in Coverage A:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

  **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. \* \* \*
\* \* \*
  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
\* \* \*
  **b.**     This insurance applies to "bodily injury" and "property damage" only if:

7

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

* * *

(Ex. B.)

37.    The Continental Western Policy defines the term "bodily injury" as follows:

**SECTION V – DEFINITIONS**

* * *

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

(Ex. B.)

38.    The *Figueroa* Lawsuit alleges no bodily injury, disability, sickness, or disease sustained by Figueroa or any other putative class member.  (Ex. A.)

39.    Therefore, the *Figueroa* Lawsuit does not allege "bodily injury" as defined by the Continental Western Policy.

40.    Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered in the *Figueroa* Lawsuit.

41.    An actual controversy exists between Continental Western, Tony's Finer Foods, and Figueroa and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Continental Western, respectfully prays that this Honorable Court:

    a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Continental Western Policy;

b.      Find and declare that the claims asserted in the *Figueroa* Lawsuit do not constitute "bodily injury" as defined by the Continental Western Policy;

c.      Find and declare that Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered therein; and

d.      Grant Continental Western such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

### THE "VIOLATION OF STATUTES" EXCLUSION BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *FIGUEROA* LAWSUIT UNDER COVERAGE A

42.     Continental Western adopts and realleges the allegations in paragraphs 1 through 41 of its Complaint for Declaratory Judgment as paragraph 42 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

43.     Coverage A of the Continental Western Policy's CGL Coverage incorporates the following exclusion relating to the violation of statutes:

**2.**     **Exclusions**

This insurance does not apply to:

\* \* \*

**q.**     **Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

\* \* \*

**(4)**     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \*

(Ex. B, hereinafter, the "Violation of Statutes" Exclusion.)

44.     The *Figueroa* Lawsuit asserts a single count for violation of the BIPA. (Ex. A.)

45.     The BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b).

46.     Accordingly, even if, for the sake of discussion, the *Figueroa* Lawsuit alleged "bodily injury" within the policy period – which Continental Western expressly denies that it does – the "Violation of Statutes" Exclusion bars coverage for the claims asserted in the *Figueroa* Lawsuit.

47.     Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered in the *Figueroa* Lawsuit.

48.     An actual controversy exists between Continental Western, Tony's Finer Foods, and Figueroa, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Continental Western, respectfully prays that this Honorable Court:

> a.      Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Continental Western Policy;

b.  Find and declare that the Continental Western Policy's "Violation of Statutes" Exclusion bars coverage for the damages alleged in the *Figueroa* Lawsuit;

c.  Find and declare that Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered therein; and

d.  Grant Continental Western such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III

### THE "VIOLATION OF LAW" EXCLUSION BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *FIGUEROA* LAWSUIT UNDER COVERAGE B

49.  Continental Western adopts and realleges the allegations in paragraphs 1 through 48 of its Complaint for Declaratory Judgment as paragraph 49 of Count III of its Complaint for Declaratory Judgment as if fully set forth herein.

50.  Coverage B of the Continental Western Policy's CGL Coverage also incorporates the following exclusion relating to the violation of statutes:

**2.  Exclusions**

This insurance does not apply to:

\* \* \*

**p.  Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

\* \* \*

**(4)**  Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Ex. B, hereinafter, the "Violation of Law" Exclusion.)

11

51.     The BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b).

52.     Accordingly, even if, for the sake of discussion, the *Figueroa* Lawsuit alleged "personal and advertising injury" within the policy period – which Continental Western expressly denies that it does – the "Violation of Law" Exclusion bars coverage for the claims asserted in the *Figueroa* Lawsuit.

53.     Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered in the *Figueroa* Lawsuit.

54.     An actual controversy exists between Continental Western, Tony's Finer Foods, and Figueroa, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Continental Western, respectfully prays that this Honorable Court:

        a.      Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Continental Western Policy;

b.   Find and declare that the Continental Western Policy's "Violation of Law" Exclusion bars coverage for the damages alleged in the *Figueroa* Lawsuit;

c.   Find and declare that Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Continental Western for any judgment or settlement entered therein; and

d.   Grant Continental Western such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT IV

## THE "DISCLOSURE OF PERSONAL INFORMATION" EXCLUSION BARS COVERAGE UNDER THE CGL COVERAGE FOR THE CLAIMS ASSERTED IN THE *FIGUEROA* LAWSUIT

55.   Continental Western adopts and realleges the allegations in paragraphs 1 through 54 of its Complaint for Declaratory Judgment a paragraph 55 of Count IV of its Complaint for Declaratory Judgment as if fully set forth herein.

56.   The Continental Western Policy's CGL Coverage incorporates the following exclusion relating to the access or disclosure of confidential or personal information and data-related liability:

### EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.   Exclusion **2.p.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

   **2.**   **Exclusions**

   This insurance does not apply to:

   **p.**   **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

13

Damages arising out of:

**(1)**      Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, health information or any other type of nonpublic information.* * *

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.**      The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

**2.      Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

* * *

(Ex. B, hereinafter referred to as the "Disclosure of Personal Information Exclusion").

57. The *Figueroa* Lawsuit alleges that Tony's Finer Foods violated the BIPA by its wrongful collection, retention, and dissemination of the putative class members' private biometric information.

58. Accordingly, even if, for the sake of argument, the *Figueroa* Lawsuit asserted claims that would constitute "bodily injury", "property damage", and/or "personal and advertising injury" – which Continental Western expressly denies that it does – the "Disclosure of Personal Information Exclusion" bars coverage for the claims asserted in the *Figueroa* Lawsuit.

59. Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit or to indemnify Tony's Finer Foods for any judgment or settlement entered in the *Figueroa* Lawsuit.

60. An actual controversy exists between Continental Western, Tony's Finer Foods, and Figueroa, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Continental Western, respectfully prays that this Honorable Court:

    a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Continental Western Policy;

    b.    Find and declare that the Continental Western Policy's "Disclosure of Personal Information" Exclusion bars coverage for the damages alleged in the *Figueroa* Lawsuit;

    c.    Find and declare that Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Continental Western for any judgment or settlement entered therein; and

    d.    Grant Continental Western such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT V

## ALLEGED INJURIES OCCURRED OUTSIDE OF THE POLICY PERIOD

61. Continental Western adopts and realleges the allegations in paragraphs 1 through 60 of its Complaint for Declaratory Judgment as paragraph 61 of Count V of its Complaint for Declaratory Judgment as if fully set forth herein.

62. Coverage A of the Continental Western Policy provides coverage for "bodily injury" or "property damage" that occurs during the policy period. (Ex. B.)

63. Coverage B of the Continental Western Policy provides coverage for "personal and advertising injury" that occurs during the policy period. (Ex. B.)

64. Even if, for the sake of argument, the *Figueroa* Lawsuit asserted claims that would constitute "bodily injury", "property damage", and/or "personal and advertising injury" – which Continental Western expressly denies that it does – any "bodily injury", "property damage", and/or "personal and advertising injury" must occur during the policy period for coverage to be triggered. (Ex. B.)

65. The *Figueroa* Lawsuit makes no specific allegations as to when any alleged injury to Figueroa and/or other members of the putative class occurred other than to say that Figueroa was hired by Tony's Finer Foods on March 8, 2017 and was an hourly employee until September 17, 2018. (Ex. A.)

66. The Continental Western Policy had a policy period from March 15, 2016 to March 15, 2017. (Ex. B.)

67. To the extent that Figueroa – as well as any other putative class members – were injured outside of the policy period of the Continental Western Policy, the Continental Western Policy provides no coverage for any such injuries. (Ex. B.)

68.     Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered in the *Figueroa* Lawsuit.

69.     An actual controversy exists between Continental Western, Tony's Finer Foods, and Figueroa, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Continental Western, respectfully prays that this Honorable Court:

a.      Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Continental Western Policy;

b.      Find and declare that claims asserted in the *Figueroa* Lawsuit fall outside of the policy period of the Continental Western Policy;

c.      Find and declare that Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered therein; and

d.      Grant Continental Western such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT VI

### THE "EMPLOYMENT-RELATED PRACTICES" EXCLUSION BARS CGL COVERAGE FOR THE CLAIMS ASSERTED IN THE *FIGUEROA* LAWSUIT

70.     Continental Western adopts and realleges the allegations in paragraphs 1 through 69 of its Complaint for Declaratory Judgment as paragraph 70 of Count VI of its Complaint for Declaratory Judgment as if fully set forth herein.

71.     The Continental Western Policy's CGL Coverage also incorporates the following exclusion relating to employment-related practices:

## EMPLOYMENT-RELATED PRACTICES EXCLUSION
### * * *

**A.**    The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability:**

This insurance does not apply to:

"Bodily injury" to:

**(1)**    A person arising out of any:

    **(a)**    Refusal to employ that person;

    **(b)**    Termination of that person's employment; or

    **(c)**    Employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; * * *

This exclusion applies:

**(1)**    Whether the injury-causing event described in Paragraphs **(a), (b),** or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)**    Whether the insured may be liable as an employer or in any other capacity; and

**(3)**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.**    The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)**    A person arising out of any:

    **(a)**    Refusal to employ that person;

    **(b)**    Termination of that person's employment; or

      **(c)**      Employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; * * *

This exclusion applies:

**(1)**      Whether the injury-causing event described in Paragraphs **(a), (b)**, or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)**      Whether the insured may be liable as an employer or in any other capacity; and

**(3)**      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Ex. B, hereinafter, the "Employment-Related Practices Exclusion.")

72.      The *Figueroa* Lawsuit asserts claims for "employment-related practices, policies, acts or omissions" e.g., the policy of requiring Tony's Finer Foods employees to submit to biometric scanning and time-tracking devices and technology to monitor and track the employees' time and performance, as well as the lack of informed consent by Tony's Finer Foods employees. (Ex. A.)

73.      Accordingly, even if, for the sake of argument, the *Figueroa* Lawsuit asserted claims that would constitute "bodily injury", "property damage", and/or "personal and advertising injury" – which Continental Western expressly denies that it does – the "Employment-Related Practices Exclusion" bars coverage for the claims asserted in the *Figueroa* Lawsuit.

74.      Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered in the *Figueroa* Lawsuit.

75.    An actual controversy exists between Continental Western, Tony's Finer Foods, and Figueroa, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Continental Western, respectfully prays that this Honorable Court:

a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Continental Western Policy;

b.    Find and declare that the "Employment-Related Practices Exclusion" bars coverage for the claims asserted in the *Figueroa* Lawsuit;

c.    Find and declare that Continental Western has and had no duty under the Continental Western Policy to defend Tony's Finer Foods against the *Figueroa* Lawsuit, or to indemnify Tony's Finer Foods for any judgment or settlement entered therein; and

d.    Grant Continental Western such other and further relief that the Court deems proper under the facts and circumstances.

**TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY LLP**

By:  /s/ Dana A. Rice
Dana A. Rice (6283827)
Adam P. Joffe (6300116)
303 W. Madison Street
Suite 1200
Chicago, IL 60606
P: 332-3900
F: 312-332-3908
drice@tlsslaw.com
ajoffe@tlsslaw.com

**ATTORNEYS FOR CONTINENTAL WESTERN INSURANCE COMPANY**